FILED

NOV 27 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE VILLAS AT HACIENDA ) | Case No. 4-05-bk-1482-EWH |
| DEL SOL, INC., ) | |
| ) | |
| Debtor. ) | |
| ) | **MEMORANDUM DECISION** |
| _____) | |

## INTRODUCTION

The Villas at Hacienda Del Sol, Inc. ("Villas" or "Debtor") filed a Chapter 11 bankruptcy petition on March 28, 2005. Louis Cohen ("Cohen") asserts a claim for $1.25 million against the Debtor, based upon a promissory note ("Note") in that amount issued in his favor by the Debtor. Equity shareholders, David Mason and Manchester Development Company (collectively, "Mason"), object to Cohen's claim. Mason asserts that Cohen is not a Holder in Due Course ("HIDC") under Uniform Commercial Code ("UCC") §3-302[1] because he took the Note with notice of a claim for breach of fiduciary duty.

On October 19, 2006, the Court held an evidentiary hearing on the objection filed by Mason. The parties agreed that the hearing was limited to the question of whether Cohen is a HIDC of the Note.

---

[1] Hereafter, all citations to the UCC will be referenced by section only.

Because the evidence demonstrates that Cohen is a HIDC and that he took the Note without any notice of a breach in fiduciary duty,[2] Mason's objection is overruled.

## FACTS

Cohen invested money in a project known as Country Village Road. Albert Gersten ("Gersten") and Martin Collier ("Collier") were involved in this project. Cohen had invested or been involved with other projects of Gersten and Collier, having known both men for many years. Country Village Road was going to be sold. Cohen wished to invest his proceeds from that project, up to $1.25 million, in another Collier and Gersten project -- the Debtor.

Gersten and Collier have a company called GC Enterprises. Before the closing of the sale of Country Village Road, GC Enterprises agreed to advance funds to the Debtor on Cohen's behalf. The parties understood that upon the closing of Country Village Road, the amount advanced would be reimbursed to GC Enterprises and a Note would be issued from the Debtor for the amount advanced. The agreement between Cohen and GC Enterprises was memorialized in a letter dated May 1, 2003, and signed by Cohen and Collier. (Cohen Exhibit C-2.)

Country Village Road sold, and the Debtor issued a Note to Cohen in the amount of $1.25 million, dated November 18, 2004. (Cohen Exhibit C-1-A.) The Note was signed by Collier as President of the

---

[2] For purposes of this ruling, the Court does not decide whether there was, in fact, a breach of any kind.

Debtor. When the Debtor filed for bankruptcy, it scheduled Cohen's claim as undisputed.

## ISSUE

Is Cohen a Holder in Due Course?

## STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and General Order 128 of the United States District Court for the District of Arizona. Venue is proper under 28 U.S.C. §1409.

## DISCUSSION

Mason alleges that Collier breached his fiduciary duty by issuing the Note from the Debtor to satisfy a debt owed to Cohen by GC Enterprises. Mason further alleges that Cohen took the Note with notice of the breach of fiduciary duty, which thereby prevents him from being a HIDC.

STATUTORY BACKGROUND

This issue involves several sections of the UCC. Under §3-306, a person taking an instrument is subject to a claim to the instrument or its proceeds, unless the person is a HIDC under §3-302. Under §3-302(a)(2)(v), the taker cannot be a HIDC if the instrument was taken with notice of a claim under §3-306.

A claim under §3-306 includes a claim of a "represented person" under §3-307(b)(iii)(the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty). Section 3-307 specifies rules for determining when a person taking an instrument has notice

of the claim, which will prevent assertion of his rights as a HIDC because of §3-302(a)(2)(v).

Section §3-307 provides in pertinent part:

> (a) In this section:
> (1) "Fiduciary" means an agent, trustee, partner, corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument.
> (2) "Represented person" means the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in paragraph (1) is owed.
> (b) If (I) an instrument is taken from a fiduciary for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:
> (1) Notice of breach of fiduciary duty by the fiduciary is notice of the claim of the represented person. . . .
> (4) If an instrument is issued by the represented person or the fiduciary as such, to the taker as payee, the taker has notice of the breach of fiduciary duty if the instrument is (I) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (ii) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or . . . .

MASON'S OBJECTION

Mason asserts that Cohen had notice of a breach of fiduciary duty for purposes of §3-307, which prevents him from being a HIDC. Mason argues that Cohen knew that Collier was the Debtor's President and that the transaction was for the personal benefit of Collier.

Mason's argument makes two assumptions. First, it assumes that Mason satisfies §3-307(b)(iii) as the represented person making a claim. However, Mason may not qualify as "the represented person" under §3-307, which is defined as the principal, beneficiary, partnership, corporation, or other person to whom the fiduciary duty

4

with respect to the instrument is owed -- this would be the Villas. It is worth noting that, at the Hearing, Mason's counsel stated that "Villas is the representative person." (Hearing Transcript at 110, ll. 24-25.) The Debtor, however, is not making a claim to the instrument based on a breach of fiduciary duty, having scheduled the debt as undisputed.

Second, Mason's argument assumes monies advanced by GC Enterprises on behalf of Cohen constitute a "personal debt" of Collier or that the repayment of the advance is for the "personal benefit" of Collier. There has been no showing that Collier and GC Enterprises are legally fungible.

For purposes of this ruling, however, the Court will decide the issue without challenging these assumptions. The Court finds that Cohen is a HIDC because he did not take the Note in a transaction known by him to be for the personal benefit of Collier. The evidence demonstrates that Cohen believed his loan was for the benefit of the Villas, pursuant to his agreement with GC Enterprises.

Mason's argument ignores the fact that, pursuant to the agreement memorialized in the letter dated May 1, 2003, Cohen understood that GC Enterprises had advanced the proceeds from the sale of Country Village Road to the Villas on behalf of Cohen -- it was a two-step transaction.[3]

---

[3] At the hearing, Counsel for Mason conceded that the personal benefit element argument would be eliminated if the loan had been accomplished in one step. (Hearing Transcript at 121 l. 25; 122, ll. 1-8.)

## CONCLUSION

Because Cohen has demonstrated that he is a HIDC under §3-302 and that his status is not defeated by §3-307 because he took the Note without any notice of a breach in fiduciary duty, he is entitled to have his claim paid. A separate Order will be entered overruling the objection and allowing his claim.

Dated this 27th day of November, 2006.

_____
EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copies of the foregoing
mailed this 27th day of
November, 2006, to:

Matthew R.W. Waterman
Waterman & Waterman, P.C.
33 North Stone Ave. #2020
Tucson,, Az  85701-1415
Attorneys for Debtor

Nancy J. March
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd. #200
Tucson, AZ  85716-5300
Attorneys for Louis S. Cohen

John A. Baade
325 West Franklin St. #123
Tucson, AZ  85701
Attorney for Manchester Development and David Mason

Walter F. Wood
Walter F. Wood Ltd.
110 South Church Ave. #4398
Tucson, AZ  85701
Attorney for Manchester Development and David Mason

| | |
|---|---|
| 1 | Martin D. Collier<br>Albert H. Gersten II<br>GC Enterprises |
| 2 | 15760 Ventura Blvd., Suite 878<br>Encino, CA   91436 |
| 3 | |
| 4 | By _[signature]_____<br>      Judicial Assistant |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |