IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 11
)
THE VILLAS AT HACIENDA ) Case No. 4-05-bk-1482-EWH
DEL SOL, INC., )
)
Debtor. ) **AMENDMENT TO MEMORANDUM**
) **DECISION DATED 3/15/07**
) **TO CORRECT FOOTNOTE 4**
)
_____ )

On March 15, 2007, the court entered a Memorandum Decision. However, the court notes that a portion of the footnote's text was missing. Therefore, the following footnote 4 replaces footnote in the Memorandum Decision entered on March 15, 2007:

> Exhibits 3 and 7 were produced by Gersten and Collier in response to Mason's discovery requests. The documents were reviewed by a certified public accountant called as a witness by Mason. Because the certified public accountant was not disclosed as an expert witness, he was not treated as an expert witness at the Evidentiary Hearing. However, Fed. R. Bankr. P. 9014(c) excepts Fed.R.Civ.P. 26(a)(2) from being applied in contested matters "unless otherwise ordered by the court." Nothing in the Scheduling Order required such a disclosure, so the ruling made at the Evidentiary Hearings that the accountant could not be treated as an expert witness was incorrect. However, even if all of the accountant's testimony, including those parts of it which were based on hearsay or evidence provided by third parties is considered as expert testimony, it only demonstrated that there was a lack of backup documentation to support GCE's book entries. By itself, that testimony does not demonstrate that the GCE Entities did not make advances to the Debtor. In re Opelika Manufacturing Corp., 66 B.R. 444, 450 (Bankr. N.D. Ill. 1986) (testimony of an expert, even if uncontradicted by another expert, is not conclusive) citing Security First National Bank of L.A. v. Lutz, 322 F.2d 348 (9th Cir. 1963); Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1325 (Fed. Cir. 1987) (court is not obliged to adopt a conclusion stated by an expert witness; court's obligation is to weigh expert and other testimony, and "it is the court's, not the expert's, responsibility to decide the case") (citation omitted); Minnesota Mining and Manufacturing Co. v. Berwick Industries, Inc., 532 F.2d 330, 333 (3rd Cir. 1976)

("it is axiomatic that the trier of fact is not bound to accept expert opinion, even if it is uncontradicted") (citation omitted).

Dated this 5th day of July, 2007.

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copies of the foregoing mailed this
5th day of July, 2007, to:

Matthew R.W. Waterman, Esq.
Jonathan M. Saffer, Esq.
Snell & Wilmer, L.L.P.
One South Church Ave. #1500
Tucson, AZ 85701-1630
Attorneys for Debtor

Nancy J. March, Esq.
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd. #200
Tucson, AZ 85716-5300
Attorneys for Louis S. Cohen

John A. Baade
325 West Franklin St. #123
Tucson, AZ 85701
Attorney for Manchester Development and David Mason

Walter F. Wood
Walter F. Wood Ltd.
110 South Church Ave. #4398
Tucson, AZ 85701
Attorney for Manchester Development and David Mason

Phillip R. Rudd, Esq.
Kutak Rock LLP
8601 North Scottsdale Rd., Suite 300
Scottsdale, AZ 85253-2742
Attorneys for Collier, Gersten and GC Enterprises

By_____
Judicial Assistant